OPINION OF THE COURT
James D. Pagones, J.
This motion by petitioner pursuant to CPLR 3211 to dismiss the application for conversion to involuntary status and court-authorized retention is granted.
*705 Petitioner was admitted as a voluntary patient to Taconic Developmentally Disabled Service Office (DDSO) (Taconic) on September 10, 1998. Petitioner consented to continue his stay on a voluntary basis on September 22, 1999 on a standardized form prepared by the facility. A physician employed by Taconic determined that petitioner remained “suitable for continued care and treatment on voluntary status” on September 26, 1999. The Mental Hygiene Legal Service (MHLS), petitioner’s attorney, found “no grounds to doubt the willingness or suitability of [petitioner] to continue residing at the facility on voluntary status” on November 17, 1999.
Mental Hygiene Law § 29.11 (b) provides: “A voluntary or informal patient may be transferred only with his consent.”
On or about November 10, 1999 petitioner was asked by Taconic personnel to consent to a transfer to another facility, Sunmount DDSO CIT. He declined. On February 8 and 9, 2000 petitioner was examined by a physician and certified psychologist respectively without his attorney being present. He was then notified by written notice dated February 22, 2000 that Taconic intended to apply for court authorization to retain him on involuntary status for a period not to exceed 60 days on March 2, 2000.
Petitioner urges that the decision in Ughetto v Acrish (130 AD2d 12, 24-25 [2d Dept 1987]) is applicable to this matter. The Appellate Division held: “an involuntarily committed mental patient who exercises his right to a hearing on the issue of whether the continuation of his confinement may legally be allowed, and who is compelled to undergo a psychiatric examination in preparation for such a hearing, has the right to have an attorney observe the examination.” (Supra, at 25.)
The respondent did not address this issue in its answering papers. Taconic failed to notify MHLS of its decision to seek retention on an involuntary basis and have petitioner undergo two examinations in preparation for the hearing scheduled for March 2, 2000. Although the facts in this case are slightly different, the reasoning advanced in Ughetto (supra) is just as compelling. A patient should not be deprived of a fundamental right to counsel simply because the facility seeks a conversion from voluntary to involuntary status as opposed to continuing involuntary confinement. The result is still the same. Under the circumstances, petitioner’s right to have his attorney present for observation purposes only (Ughetto v Acrish, supra, at 25) was violated. Therefore, the instant application is dismissed.
*706 On this application the court considered the notice of motion supported by an affirmation with a memorandum of law and answering affirmation with three exhibits.